THOMAS B. REILLY
*vs.*
. H. R. MARYMAN.

AT LAW.   DECIDED JANUARY 12, 1841.

*Replevin of Goods Taken in Distress.*

In a replevin suit to recover goods distrained for rent upon which there was judgment for the returning of the goods replevied, and for the rent in arrear, the court on motion ordered so much of the judgment as called for a return of the goods to be stricken out.

The declaration alleges that the defendant took and detained the goods of the plaintiff.

The defendant avows the taking and that they were taken in distress for rent in arrear.

HENRY M. MORFIT for plaintiff.

BRENT & BRENT for defendant.

The defendant made a distress for rent due from the plaintiff to the demisor of the said plaintiff. The plaintiff brought this suit to recover the goods distrained. The jury rendered the following verdict:

" And the jurors aforesaid, upon their oaths do say, that at the time of the distress the sum of $250 was due by said Reilly to C. B. Hamilton (whose bailiff the defendant was), for the two first quarters' rent of a house for the year ending on the 1st day of September, 1839, as avowed by the defendant; and they further find the value of the distress to be $339; and they further find the amount of rent in arrear now due, with interest, by way of damages, to be $277.50; on which the judgment of the court was: That the plaintiff shall take nothing by his writ, but that he and his pledges to prosecute shall be in mercy, and that the defendant shall go without day, and that he shall have a return of the goods and chattels aforesaid, to hold them irreplevisable forever. And it is further considered by the court here, that the said defendant shall recover against the plaintiff the sum of $277.50, the arrears of rent, it being the value of the goods and chattels aforesaid, and $15.21 for his costs and charges, making together

2

the sum of $292.71; and that the defendant shall have execution thereof."

On motion by the plaintiff, through his attorney, so much of the judgment as called for the return of the property was stricken out, the judgment so corrected to stand as the judgment of the court.